UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

RE:
GARRY JONES
OCEOLA JONES
DEBTORS

BANKRUPTCY CASE: 12-12831
SECTION: B
CHAPTER 13

## MOTION TO RE-OPEN CHAPTER 13 CASE AND MOTION FOR SANCTIONS FOR VIOLATION OF DISCHARGE ORDER

NOW INTO COURT, through undersigned counsel, comes GARRY JONES and OCEOLA JONES, debtors herein, who respectfully requests that the Chapter 13 proceedings be reopened for the following reason:

1.

On September 9, 2012, debtors filed for relief under Chapter 13 of the United States Bankruptcy Code.

2.

On January 11, 2018, debtors received a discharge in this case and on March 23, 2018, the case was closed.

3.

Debtors' plan provided that Jefferson Financial Credit Union had a secured claim in the amount of $10,058.84 which would be paid at an interest rate of 5.25% over the life of the plan. This proposed plan was confirmed by the Court on March 19, 2013. Neither the confirmed plan or any subsequent amendments changed the nature of this repayment and Jefferson Financial made no objection to either the original plan or any amendments thereto after notice. During the course of the plan, the amounts due to

Jefferson Financial under the plan were duly paid and received by it in full satisfaction and discharge of this debt.

4.

On the night of May 7, 2018, Jefferson Financial seized the debtors' vehicle from their home in violation of the discharge order. Mr. Jones confronted the driver conducting the repossession and showed him a copy of the discharge order. The driver advised him that this was a "dishonorable discharge" that only showed he had been "kicked out of bankruptcy" and he removed the vehicle despite having been provided with the Court's order prohibiting such seizure. On the morning of May 8, the debtors contacted counsel who spent several hours attempting to reach Jefferson Financial and convincing its personnel that the seizure was improper and that the vehicle should be returned. Jefferson Financial finally agreed to return the vehicle, but as of close of business on May 8, debtors report that the vehicle has not been returned.

5.

Seizure of the vehicle and refusal to return it in an attempt to force the debtors to accede to its demands for payment constitute a violation of the discharge order and such actions are sanctionable. To date, Mr. Jones has lost a day of work attending to this issue and the actions of the creditor have understandably upset the debtors and caused them worry over the possible loss of their vehicle and increased difficulty in providing sufficient employment to pay their bills. This reaction was a foreseeable one, and the resulting pain and suffering caused was either intentional or done with complete disregard to the consequences.

6.

6.

Debtors believe that an appropriate sanction in this matter would be for the payment of damages, costs and attorney's fees and a further sanction of $200 for each day since the seizure that the vehicle is not returned to Debtors.

7.

There would be no undue prejudice to creditors to re-open the case as all creditors were paid according to the terms of the approved plan.

**WHEREFORE,** Debtors pray that this Honorable Court allow the reopening of this case and after notice and hearing, if necessary, that the Court order that the creditor, Jefferson Financial Credit Union, immediately return to the vehicle to the debtors, that the creditor be ordered to immediately discontinue any further attempt to collect this debt as discharged, and that the Court impose sanctions and attorney's fees for the bringing of this motion, and for all other reasonable and equitable relief.

Respectfully submitted,

KIRKPATRICK & ASSOCIATES, LLC

Timothy P. Kirkpatrick (20251)
Mark Needham (9914)
3501 North Causeway Suite 750
Metairie, Louisiana 70002
(504) 828-3311